# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALBERT CARL MAIER and GAIL E. MAIER,

        Appellants,

vs.                                               Case No. 3:18-cv-462-J-32

TD BANK, NATIONAL ASSOCIATION,

        Appellee.

## **ORDER**

This case is before the Court on appellants' Albert Carl Maier and Gail E. Maier's Motion to Withdraw Reference (Doc. 1). The Maiers move the Court to withdraw the reference of their adversary proceeding from the bankruptcy court on the grounds that their adversary complaint will require consideration of both bankruptcy law and federal laws regulating interstate commerce, and because they are seeking a trial by jury on their state law claims.[1] Appellee TD Bank, National Association, filed a response in opposition (Doc. 4).

Title 28 United States Code section 157(d) provides for both mandatory and permissive withdrawal of the reference to the bankruptcy court. The Maiers contend that both provisions are triggered by their complaint. A district court must withdraw an adversary

---

[1]The Maiers did not attach their adversary complaint as an exhibit nor describe it any detail in their motion. According to appellee, the Maiers' five count complaint raises claims against TD Bank, National Association, for (1) violation of the bankruptcy court's discharge injunction; (2) breach of contract; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"); (4) violation of the Florida Consumer Collection Practices Act; and (5) injunctive relief.

proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "The majority of courts interpret [this] provision restrictively, finding withdrawal mandatory only when a claim or defense entails 'material and substantial consideration' of non-Bankruptcy Code federal law." Rodriguez v. Countrywide Home Loans, Inc., 421 B.R. 341, 347 (S.D. Tex. 2009) (citations omitted). Otherwise, much of the work of the bankruptcy courts would be "eviscerated" because bankruptcy proceedings frequently require at least passing consideration of non-bankruptcy law. Id. Moreover, withdrawing the reference every time a non-bankruptcy federal question is implicated would encourage forum shopping, delay tactics, and unnecessary litigation. Id. (citations omitted). Thus, to warrant mandatory withdrawal of the reference, the case must involve the "resolution of cases of first impression or 'substantial and material conflicts' between non-title 11 federal law and the bankruptcy code." In re Am. Body Armor & Equip., Inc., 155 B.R. 588, 590 (M.D. Fla. 1993). Courts in the Middle District of Florida consistently follow this construction of 28 U.S.C. § 157(d). See, e.g., id.; In re Pearlman, No. 6:08-cv-81-Orl-22, 2008 WL 786809, at *1 (M.D. Fla. Mar. 20, 2008); In re Hvide Marine, Inc., 248 B.R. 841, 844 (M.D. Fla. 2000); In re Named Healthcare, Inc., No. 8:01-cv-1224-T-23EAJ, 2001 WL 1572376, at *1 (M.D. Fla. Oct. 21, 2001).[2]

---

[2]A minority of courts read the statute literally and find withdrawal of the reference to be mandatory anytime non-bankruptcy federal laws must be applied. See, e.g., In re Kiefer, 276 B.R. 196, 198-202 (E.D. Mich. 2002).

2

Although the Maiers appear to be arguing that the presence of their RESPA claim warrants mandatory withdrawal of the reference,[3] they have not explained why the resolution of that claim involves any matters of "first impression" or a "substantial and material conflict" between non-title 11 law and the bankruptcy code. The Court finds that mandatory withdrawal of the reference based on the presence of the RESPA claim is not required. See, e.g., In re Anderson, 395 B.R. 7 (E.D. Mich. 2008) (finding presence of RESPA claim did not mandate nor counsel toward withdrawal of the reference to bankruptcy court); Alfonseca-Baez v. Doral Finan. Corp., 376 B.R. 70 (D. P.R. 2007) (same). Nor does the Court find that the Maiers' request for a jury trial warrants withdrawal of the reference at this time.[4] Pretrial matters may appropriately be handled in the bankruptcy court even in the absence of consent to a bankruptcy trial by jury. See, e.g., In re Advanced Telecomm. Network, Inc., No. 6:13-cv-700-Orl-28, 2014 WL 2528844 (M.D. Fla. June 4, 2014) (denying motion to withdraw reference based on jury trial demand without prejudice to renewal after all pre-trial matters are resolved); In re Fundamental Long Term Care, Inc., No. 8:14-cv-1800-T-17, 2014 WL 4452711, at *3 (M.D. Fla. Sept. 9, 2014) (same).

The Maiers also argue that the Court should exercise its discretion to withdraw the reference because their complaint raises state law claims. Permissive withdrawal requires a showing of cause by the movant. In re Hvide Marine, Inc., 248 B.R. at 844. In assessing

---

[3]In fact, the Maiers don't explain why 157(d) mandates withdrawal of the reference, but the Court presumes their argument is based on the presence of the only federal statutory claim – the RESPA claim.

[4]Absent consent, a bankruptcy court may not conduct a jury trial. See 28 U.S.C. § 157(e).

3

whether sufficient cause has been demonstrated, the "district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Universal Health Care Group, Inc., No. 8:13-bk-1520-KRM, 2017 WL 2179581, *2 (M.D. Fla. May 17, 2017) (citation omitted) (declining to withdraw the reference). As with their summary argument as to mandatory withdrawal, the Maiers likewise say little as to why permissive withdrawal applies. The Maiers' complaint raises at least one count–the alleged violation of the bankruptcy injunction– that must be decided by the bankruptcy court. See Jones v. CitiMortgage Inc., 666 F. App'x 766, 774 (11th Cir. 2016) (explaining that only bankruptcy court has jurisdiction to enforce discharge injunction it has issued). As the Maiers have not presented any reason why the bankruptcy court (which already presided over their underlying bankruptcy case) is not suited to hear their state law claims against TD Bank, National Association, the Court finds they have failed to present good cause to support permissive withdrawal of the reference. See Stok Folk + Kon, P.A. v. Fusion Homes, LLC, 584 B.R. 376, 382 (S.D. Fla. 2018) (declining to withdraw the reference where bankruptcy judge, who was already familiar with the case, was capable of handling straightforward state law claims).

Accordingly, it is hereby

**ORDERED**:

Appellants' Motion to Withdraw Reference (Doc. 1) is denied without prejudice to renewal before trial if appropriate. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of August, 2018.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

counsel of record